U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2023 NOV 22 P 2: 27

DEPUTY CLERK

United States District Court
for the
District of Maine

SARAH M. CHAGNON )
              Plaintiff )
)
v. )
) CASE NO. 2:23-cv-389-LEW
TEGAN S. TESKE )
and )
AMANDA N. GUNTER )
and )
BRENDA DIEDERICH )
)
              Defendants )

### DEFENDANT'S ANSWER TO THE COMPLAINT

**I.    The Parties Filing This Answer to the Complaint**

        Tegan S. Teske                Amanda N. Gunter
        94 Beech Ridge Rd          PO BOX 275
        Eliot, York,                      Cape Neddick, York,
        Maine, 03903                 Maine, 03902
        603-502-8810                 207-604-6799
        tegan.teske@gmail.com     amanda.n.gunter11@gmail.com

**II.    Answer and Defenses to the Complaint**

    **A.    Answering the Claims for Relief**

The Plaintiff makes general allegations in her paragraphs 12 through 168 and specific claims in paragraphs 169 through 211. The Defendants wholly deny all allegations and claims of wrongdoing against the Plaintiff. Plaintiff Chagnon (formerly Mrs. Sarah Teske) has spent over six years in various courts campaigning against Defendant Teske and his relatives and her

1

narrative has become more and more elaborate in its wild accusations throughout the years. In every instance her claims have been found to be false and dismissed by the courts. It has been established that there was zero abuse towards the Plaintiff, that she is a documented abuser and aggressor and not a victim, and that all claims of abuse against her were and are unsuccessful attempts to save face in a failed marriage and for personal, financial, and custody gains.

### Marriage

Para 12 – 35: Plaintiff Chagnon and Defendant Teske met in 2008 and were married on July 30th, 2010. There were occasional arguments and disagreements during the marriage for which both sides share responsibility, but nothing egregious by either party. Defendant Teske denies any claims of abuse, damage to property, sexual assault, electronic surveillance, pet murder, or any other claims of wrongdoing stated.

### Separation

Para 36 – 50: Defendant Teske worked the evening shift at the Portsmouth Naval Shipyard in Kittery, Maine for several months in the Spring of 2017, resulting in limited availably to help with the house and the children. During that time Plaintiff Chagnon began an extra-marital relationship with the eldest son's T-ball coach [S.H.]. Defendant Gunter was the primary source for this information being found out, drawing Plaintiff Chagnon's vengeance. In April 2017, Plaintiff Chagnon obtained a Temporary Protection from Abuse Order against Defendant Teske on behalf of herself and the two children on the Friday evening he was to return home after 2 weeks of military reserves training in Newport, RI; presumably as her means to control

the end of the relationship and ensure a favorable divorce outcome. As with all child abuse accusations, Maine Department of Health and Human Services (DHHS) investigated Defendant Teske and found no abuse. Plaintiff Chagnon recanted her claims to DHHS and the court, hiring an attorney and filing an affidavit to the court requesting dismissal, which was granted.

Following dismissal Defendant Teske returned home, living in the basement due to the infidelity while attending couple's counseling at Portsmouth Psychiatric Associates. Plaintiff Chagnon did not take appear to take the counseling sessions seriously and she had resumed her relationship with [S.H.]. Defendant Teske realized counseling was unsuccessful and filed for divorce and moved out while Plaintiff Chagnon was vacationing away from home with her sister on 9/6/17.  A Guardian Ad Litem was assigned to the divorce, ultimately testifying at the divorce hearing resulting in Defendant Teske getting exclusive custody and parental rights. Defendant Teske denies any claims of wrongdoing stated by Plaintiff.

### Complicit Conduct Against Chagnon

Para 51-76: Plaintiff Chagnon makes claims against Defendants Gunter and Diederich. Plaintiff Chagnon spends several paragraphs forcing her own context and conclusions on Defendant Gunter's quoted message and Diederich's actions. The Defendants admit certain actions, but deny the allegations to harm Plaintiff.

### Domestic Violence Allegation

Para 77-110:  On 11/2/17, Plaintiff Chagnon contacted Defendant Teske claiming there was a propane leak in the marital home basement and that he needed to come address it. While at the house Plaintiff Chagnon searched and found text messages from another woman

on his phone and became physically confrontational at him, calling the local police and resulting in Defendant Teske's arrest for domestic violence. Plaintiff Chagnon contacted the police, prosecutors, and court on multiple occasions requesting dismissal of the charges. She wrote physical apology notes and letters to Defendant Teske and contacted his work on his behalf following the arrest. The case was filed for dismissal by the State Attorney without Defendant Teske entering a courtroom. Defendant Teske denies any claims of wrongdoing stated by Plaintiff.

### Mother's Day 2018

Para 111-143: Plaintiff Chagnon claims to be a victim of an orchestrated attack. Cellular video recordings, however, show a very angry Plaintiff screaming in public and leaving her children abandoned on the street corner. Defendant Teske collected the children and returned to an apartment trashed by Plaintiff while he was outside. Photos and videos were submitted as police evidence to Officer Sarah Wilkinson of Portsmouth. Defendant Teske contacted Defendant Gunter to come over and help, later during which Plaintiff Chagnon returns to the scene and instigates a physical fight between Gunter & Chagnon in which Chagnon injured Gunter's 2-year-old child.

Defendant Gunter filed for Protection From Abuse against Plaintiff Chagnon and a PA hearing was held on 9/19/18 in York District Court in which the Chagnon was found to have abused Gunter's child. The PA also named the child's sibling, and when the extension was granted the following September, her newborn third child was added to the Protection Order from Chagnon. The events before and after the fight were recorded on video, in the moments before it starts Plaintiff Chagnon was being asked to leave and refusing and remarking that she

could file rape charges if inclined. The video evidence was witnessed by the district court and Law Court on appeal, upholding the abuse findings against Chagnon.

Plaintiff Chagnon violated her Protection Order against Gunter on 8/30/18 and was charged, the criminal act was merged and adjudicated through her later Felony Criminal Restraint cases. The bail conditions for CR-19-861 additionally names the Defendant Gunter as protected from Chagnon. In total, The York District Court has found Plaintiff Chagnon to be abusive in PA orders protecting five separate children across six PA orders and extensions. This history includes four full hearings where Chagnon was represented by counsel.

During the police involvement following the fight, Plaintiff Chagnon made false statements to the Portsmouth Police Department about the cause and reason for the fight. Felony assault charges were originally filed against Defendant Gunter, but then all criminal charges were dropped on 7/17/18 once the Portsmouth District Attorney's office reviewed the case and recognized that Plaintiff Chagnon lacked credibility.

At the hearing on 9/19/18, Plaintiff Chagnon called her oldest child to the witness stand (at age six he was the oldest of the four children present during the fight). He got up on the stand and said to Chagnon and the court when questioned that *"I forgot the first part of what I was supposed to say"*. DHHS was present at the hearing over concerns for the children involved. On 10/1/18, Kelli Jo Deardorff of DHHS (and Notarized by Melissa Beaulieu) filed YORDC-PC-18-19 Petition for Child Protection Order against Plaintiff Chagnon. It states *"On three different occasions Sarah has filed for PFA's against Mr. Teske, which were all granted but then almost immediately dismissed due to Mrs. Teske admitting to falsifying the allegations or simply acting out of anger towards Mr. Teske."* On 10/11/18, Plaintiff Chagnon was notified of

5

Substantiation of abuse, stating in the Assessment: *"Dear Sarah Teske: DHHS has looked into reports that you have abused or neglected a child. This assessment has resulted in the decision that you did abuse or neglect a child... As the <u>mother of [child 1] and [child 2] you are being substantiated for high severity emotional maltreatment</u>."*

The Defendants deny any claims of wrongdoing stated by Plaintiff.

### Abuse Claims 2018-2019

Para 144-154: Defendant Teske installed security cameras at his rentals and recorded all correspondence between Plaintiff and himself for the period in question from 2018 through 2019. Custody interactions were monitored by DHHS and the Guardian Ad Litem. Written reports from DHHS and camera footage confirm Chagnon is fraudulent in her accusations of abuse.

The Plaintiff historically abused the PA process to control Defendant Teske's access to the children. She filed multiple false PFAs alleging abuse, utilizing the temporary order time to prevent sharing custody. This behavior expanded through the period in question. Temporary PA order YORDC-PA-17-47 was filed on 4/28/17 and withdrawn by the Plaintiff without a hearing on 5/17/17. Temporary PA order YORDC-PA-18-131 was filed on 8/31/18 and was withdrawn by the Plaintiff without a hearing on 10/3/18. Maine Department of Health and Human Services filed a YORDC-PC-18-9 Child Protection Order against Chagnon for her repeated false filings. Temporary PA order YORDC-PA-19-105 was filed by Chagnon on 8/9/19. This order was dismissed following a full hearing on 10/17/19. The hearing results include the Judge writing in her judgment that the *"Plaintiff is not credible in her assertions that she and/or her children have been abused."*

Plaintiff Chagnon also filed a lawsuit against Defendants Teske and Gunter claiming perjury and criminal conspiracy. Chagnon's affidavit in the claim contains the same false narrative of past abuse towards Teske and Gunter as this action. This suit was filed at Alfred Superior Court (CV-22-045), demanding parental rights in an attempt to work around the judgment of the Family Matter of the District Court. Both counts (perjury and criminal conspiracy) were dismissed by order on 8/25/2022. The Plaintiff appealed the decision to the Law Court (YOR-22-296), which was upheld on Decision Mem 23-49.

In another attempt to circumvent the findings of the district courts, Chagnon filed for a Protection Order in New Hampshire District Court 470-2020-CV-31 against the children's unrelated, part-time caretaker on 6/9/20 for herself and on behalf of both minor children. She attempted to interfere with the children's lives via an out of state court when she had no parental rights and a no contact order to the children. In her petition, she falsely claims abuse for herself and the children again, stating that the caregiver *"would hurt them physically"*. The claims were dismissed.

The Defendants deny any claims of wrongdoing stated by Plaintiff.

### Plaintiff Chagnon's Felony Criminal Restraint

Para 155-165: On 10/31/19, after being caught on video on 10/25/19 making a false abuse claim to the Eliot PD and fearing legal repercussions, Plaintiff Chagnon absconded with the parties' children to Quebec, Canada, never planning to return. She removed the children from their lives, home, and school. She remained elusive in violation of a court order to immediately return, communicating only via her counsel. The State Department was involved through the Hague Convention and, on 12/7/19, the FBI in conjunction with the Canadian

authorities found and arrested her. The children were recovered by Defendant Teske shortly after from Canadian Social Services after being placed into foster care. Plaintiff Chagnon was extradited and charged with 2 counts of Felony Criminal Restraint (CR-19-861). She plead guilty in December 2022.

Plaintiff Chagnon called Teske on 12/10/19 (2 days after her arrest in Canada). She said she was in a women's detention center and was going to kill herself. She said she only called because she didn't get a chance to say goodbye to the boys. Teske told her there was a restraining order in effect and there would be no more contact. She told him that she "could not do 10 years" and asked Teske to contact the DA on her behalf. Defendant Teske notified the Eliot PD immediately after the call that she needed a suicide watch.

The Defendants deny any claims of wrongdoing stated by Plaintiff.

### Continuous Court Actions

Para 166-168: Following the Plaintiff's return to the U.S. and release on bail conditions, she filed a motion to Modify the Family Matter in an effort to interfere with Teske relocating the children during a temporary work assignment. At the hearing Chagnon testified about how she was the victim throughout their history. In the Order on the Motion on 7/6/2021, the Court found: *"contact between Chagnon and the children would place the children at great risk of harm"* and *"The Court is persuaded that Chagnon poses a very real safety risk to the children"*. Judge Duddy eliminated all of Plaintiff Chagnon's limited remaining parental rights in the judgment. The Judge notes that *"their father has taken excellent care of them without Chagnon's presence or assistance since December 2019…She has demonstrated no capacity to*

*cooperate with Teske, and thus has no ability to safely co-parent."* The Defendants deny any claims of wrongdoing stated by Plaintiff.

### Count I - Invasion of Privacy As To Defendant Teske

Para 169-175: The Defendant denies any claims of wrongdoing stated by Plaintiff and provide details in Section C of this Answer to the Complaint.

### Count II - Intenional Infliction of Emotional Distress As to All Defendants

Para 176-188: The Defendants deny any claims of wrongdoing stated by Plaintiff and provide details in Section C of this Answer to the Complaint.

### Count III – Civil Conspiracy As to All Defendants

Para 189-202: The Defendants deny any claims of wrongdoing stated by Plaintiff and provide details in Section C of this Answer to the Complaint.

### Count IV – Negligent Infliction of Emotional Distress As to Defendant Teske

Para 203-211: The Defendant denies any claims of wrongdoing stated by Plaintiff and provide details in Section C of this Answer to the Complaint.

B.  Presenting Defenses to the Claims for Relief

**Diversity of Citizenship**

The court does not have subject-matter jurisdiction over the claims because Diversity of Citizenship requirements are invalid. Plaintiff Chagnon became a resident of Maine in 2009 and remained a resident in the marital homes in Maine until absconding to Canada in October 2019. She established residency in New Hampshire upon her legal extradition from Canada in January 2020. None of the Defendants have had contact with Ms. Chagnon since prior to her departure. Defendant Gunter has been a resident of Maine since 2005. Defendant Teske has been a resident of Maine since 2009, except for living in a New Hampshire apartment between September 2017 - July 2018, after which returning to Maine (through present).

Defendants Teske, Gunter, and Diederich have had no contact (outside of courtrooms) with Plaintiff Chagnon since October 2019. Defendant Gunter had an active Protection from Abuse order against Ms. Chagnon from September 2019 through October 2021. Defendant Diederich has had no contact with Ms. Chagnon since Summer 2019. Defendant Teske has had Protection from Abuse orders and criminal bail conditions protecting himself and the children against Plaintiff Chagnon since November 2019.

The events in the Plaintiff's complaint occurred while the Plaintiff shared Maine Residency with Defendants Teske and Gunter and therefore are subject to jurisdiction within the State of Maine. Plaintiff Chagnon has pursued similar legal action to this suit in Maine's courts on many occasions.

**Insufficient Right to Recover As to Defendant Diederich**

Defendant Diederich has been a Kansas Resident for decades, only seeing the Plaintiff for short periods of vacation while visiting the family in Maine. Her involvement in any interactions with the Plaintiff has been very limited. Plaintiff's allegations against Defendant Diederich are vague, sweeping allegations; the specifics limited to accusing Diederich of making a verbal report to the Town of Eliot Planning Board and requesting a welfare check of the children while under Plaintiff's custody. Two trivial actions, taken distantly, likely justified, and which fail to warrant a claim upon which relief can be granted. Defendant Diederich filed a separate answer to the complaint due to date of service of the parties. Diederich's inclusion as a Defendant is a thinly veiled attempt for Plaintiff to justify using the Federal Court system and Defendants Teske and Gunter request that she should be removed as a named defendant from the suit.

    C.    **Asserting Affirmative Defenses to the Claims for Relief**

**Count I - Invasion of Privacy**

The plaintiff's claim against Defendant Teske regarding Invasion of Privacy is barred due to *estoppel* and *res judicata*. Plaintiff Chagnon alleges that she was coerced and that documents recounting her abuse were fabricated.

On 4/28/17 Plaintiff Chagnon obtained a Temporary Protection from Abuse Order against Defendant Teske on behalf of herself and the two children. As with all child abuse

accusations, Maine Department of Health and Human Services (DHHS) investigated Defendant Teske. In her independent interview with Plaintiff Chagnon, for which Teske was not present, Chagnon confessed to falsifying the abuse claims. In the letter dated 6/1/17, Deanna Enis, LSW, writes to Teske *"Effective today, your assessment with the DHHS is closed with no current findings of abuse/neglect by you… I want to thank you for your participation in the interview process though it may have been difficult and shocking."* Deanna also states: *"Sarah reported her past trauma resurfaced due to stress and caused her to perceive events as abusive when in fact after reconsideration were never abusive… It is expected Sarah obtain and maintain her mental health to address her childhood trauma… in fact there was no truth to her allegations."* Plaintiff Chagnon independently hired Attorney David Bobrow and filed an Affidavit to the York branch of the Maine District Court (YOR-PA-17-47). Plaintiff Chagnon states *"We have very different parenting styles, and as a result, we need to have family counseling… Myself and my children are not scared of my husband. I have no concerns about him harming me or the children. I am seeking to dismiss the temporary order that I requested from the court."* Plaintiff Chagnon signed the affidavit, witnessed by Notary Jocelyn Paquette, on 5/10/17 at her lawyer's office without Teske present and it was entered to the court by counsel. Chagnon was verbally asked by the judge in court on 5/17/17 to confirm her intentions, which she did, and the PFA dismissal request was granted.

    Regarding Defendant Teske's arrest for domestic violence, Plaintiff Chagnon wrote a personal signed letter to the Alfred Court Prosecution Office on 11/5/17 saying she *"had not suffered an injury during the interaction"* and that the charges should be dropped so that *"we can attend our Families First workshop"*. Eliot PD Sgt. Ronald Lund documents in his police

report that Plaintiff Chagnon contacted him on 11/6/17 and told him that *"she had come down with the flu Friday and was not herself…Sarah stated that she was quite shocked that he was arrested and she only called the police because she just wanted her phone back"*. Plaintiff Chagnon wrote a signed letter on 11/27/17 to the DA stating *"On November 21st, 2017 I attended court on behalf of my husband Tegan Teske in the hopes of speaking with the judge and the district attorney and getting the case dismissed… I was angry and upset with my husband on the night in question due to the nature of the text he had received from another girl"* and requesting *"immediate dismissal of this charge"*. On 3/2/18, at a legal office and notary witnessed by Justice of the Peace Judy O'Connell, Plaintiff Chagnon signed a written statement *"I do not feel that Tegan acted violently on the night in question… I have zero safety concerns for myself or for my children."* Continuing that she *"acknowledged the foregoing to be her free act and deed and to be true and accurate"*. Again, Defendant Teske was not present for any of these interactions.

    These allegations in her claims of Invasion of Privacy were litigated by Chagnon in hearing on 10/17/19 and dismissed. Regarding the claims, Judge Sutton states in her final judgment on 10/18/19 (YORDC-PA-19-105) *"The Court is unpersuaded by Plaintiff's testimony or by Plaintiff's Exhibit 14 that Plaintiff moved to dismiss PA-17-47 because Defendant placed her under duress to do so. Plaintiff [Chagnon] either lied under oath when she signed the affidavit… or she is testifying falsely today. Under either circumstance, Plaintiff's behavior casts doubt on her credibility with the Court."*

**Counts II & IV - Emotional Distress**

The plaintiff's claims for Emotional Distress are barred by *estoppel* and *res judicata*. Plaintiff Chagnon labels the counts "Emotional Distress" caused by the defendant or defendants, but the words, phrases, and accusations used by the Plaintiff as a victim of abuse and manipulation have been litigated by the courts (with resolved appeals) on multiple prior occasions:

(I) Plaintiff Chagnon filed a Protection from Abuse against Defendant Teske with York District Court on 8/9/19. On 10/17/19 there was a hearing in which both Chagnon and Teske were each represented by counsel, witnesses included the DHHS and medical individuals who evaluated the abuse claims. Plaintiff Chagnon made the same abuse claims in these prior proceedings as claimed in this action. *"Plaintiff [Chagnon] has filed three Complaints for Protection from Abuse against Defendant [Teske] in which she was able to allege several equally serious incidents of domestic abuse."* The previous *"PA is dismissed with prejudice."* *"The Court finds that Plaintiff [Chagnon] is not credible in her assertions that she and / or her children have been abused."*, Judge Sutton writes in her final judgment dismissing the PA order against Teske on 10/18/19 (YORDC-PA-19-105).

(II) Plaintiff Chagnon and Defendant Gunter filed mutual Protection from Abuse Orders in May 2018 (YORDC-PA-18-66 & 75). A consolidated hearing for the civil actions between Defendant Gunter and Plaintiff Chagnon was held on 9/19/18, a full hearing with multiple witnesses at York District Court. The hearing covered Plaintiff Chagnon's same allegations against Defendant Gunter as claimed in this action. In the judgment issued by Judge Jeffery Moskowitz on 9/20/18, Plaintiff Chagnon was found to have abused Defendant Gunter's child.

Plaintiff Chagnon appealed to the Maine Law Court, who dismissed the appeal in Decision Mem 19-56 on 6/6/19, documenting in the decision that Plaintiff Chagnon demonstrated *"animus and appalling conduct"*.

(III) Plaintiff Chagnon filed a Civil Perjury action against Defendants Teske and Gunter in Maine's Alfred Superior Court (ALFSC-CV-22-45) on 3/11/22. In the filing's sworn affidavit, Plaintiff Chagnon makes the same claims of abuse and manipulation spanning her history with both defendants as claimed in this action. This case was dismissed, appealed, and upheld as dismissed as detailed in Count III.

(IV) Defendant Teske and Plaintiff Chagnon have had multiple court hearings regarding their Family Matter and Defendant Teske's Protection from Abuse order against Plaintiff Chagnon in the Maine courts (YORDC-PA-19-140 & FM-17-170). Plaintiff Chagnon has made the same accusations of abuse and manipulation in her statements and testimony to those courts as in this action. The courts have consistently upheld that Plaintiff Chagnon is not credible in her accusations and is in fact the aggressor and abuser. The PA was against her was granted on 3/4/2020, appealed by Chagnon (informally by letter to the court) on 5/12/2020 and upheld, extended for one year on 3/26/2021, extended with a full hearing (in which Chagnon had legal counsel) for one year on 3/9/2022; and extended again (currently in effect) with a full hearing (and legal counsel for Chagnon) on 4/5/2023. Plaintiff Chagnon appealed this decision to the Maine Law Court (YOR-23-137; Decision Mem 23-122) who upheld the abuse order against Chagnon on 10/26/23. In parallel, the Family Matter has been appealed to the law court and upheld and had hearings on motions to modify; in which Judge Duddy wrote in his judgment on

15

7/6/21 *"Chagnon is still mired in her false narrative about Teske... Chagnon remains defiant and utterly detached from reality"*.

### Count III - Conspiracy

The plaintiff's claim for Civil Conspiracy is barred by *res judicata*. Plaintiff Chagnon brought a single-count complaint for civil perjury and fraud against Defendants Teske and Gunter on 3/11/22 at Maine's Alfred Superior Court (ALFSC-CV-22-45). Plaintiff then filed a Motion to Amend the Pleadings on 4/19/22, adding a second count for "conspiracy to defraud". Plaintiff Chagnon made the same conspiracy claims in the prior proceeding as claimed in this action. Count One was dismissed on 6/23/22, Count Two on 8/25/22 by Judge Richard Mulhern, stating *"with both counts having been dismissed, this Order constitutes a final judgment in this matter"*.

Plaintiff Chagnon appealed the decision to the Maine Law Court, who in YOR-22-296 (Decision Mem 23-49) on 4/27/23 upheld the dismissing of her complaints.

### D. Asserting Claims Against the Plaintiff (Counterclaim)

None. The Defendants seek only timely dismissal of this civil action.

### III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

#### A. Parties

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: Nov 21, 2023
Signature of Defendant: _____
Printed Name of Defendant: Tegan S. Teske

Date of Signing: Nov 21, 2023
Signature of Defendant: _____
Printed Name of Defendant: Amanda N. Gunter