# United States District Court
**For the**
**District of Maine**

| | | |
|---|---|---|
| **SARAH CHAGNON (f/k/a SARAH TESKE),** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **CASE NO. 2-23-cv-389-LEW** |
| **TEGAN TESKE,** | ) | |
| **And** | ) | |
| **AMANDA GUNTER,** | ) | |
| **And** | ) | |
| **BRENDA DIEDERICH** | ) | |
| **Defendants** | | |

**MOTION TO DISMISS PER F.R. CIV. P. 12(b)(6)**

NOW COME the Defendants, Tegan Teske, Amanda Gunter, and Brenda Diedrich, by and through their undersigned legal counsel, and hereby move this honorable Court to Dismiss the Plaintiff's Multi-Count Complaint. The Plaintiff states claims upon which relief may not be granted because they barred by the legal doctrine of Res Judicata. The Defendants state the following in support thereof:

A Motion to Dismiss brought pursuant to F.R. Civ. P. 12(b)(6) tests the legal sufficiency of a Complaint/Counterclaim. *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. A reviewing court "examines the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to

some legal theory." *Moody v. State Liquor & Lottery Commission*, 2004 ME 20, ¶ 7, 843 A.2d 43. A dismissal will be granted under F.R. Civ. P. 12(b)(6) "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that [she] might prove in support of [her] claim." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994).

"The doctrine of Res Judicata is…designed to ensure that the same matter will not be litigated more than once." *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131. This doctrine has developed into two separate components – issue preclusion and claim preclusion. *Machias Sav. Bank v. Ramsdell.* 1997 ME 20, ¶ 11, 689 A.2d 595. Issue preclusion prevents the re-litigation of factual issues already decided if the identical issue was determined by a prior final judgment. *Id.* "Claim preclusion prevents re-litigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision on the second action were, or might have been, litigated in the first action." *Penkul v. Matarazzo*, 2009 ME 113, ¶ 7, 983 A.2d 375.

In the present matter before the Court, the Plaintiff's claims are barred by both issue and claim preclusion.

The Plaintiff's claims are barred due to claim preclusion for the following reasons: Just last year the Plaintiff filed a very similar Complaint against Defendants Teske and Gunter in the York County Superior Court. The Plaintiff filed her Complaint on or about March 11, 2022. Counsel for both Defendants filed a timely Motion to Dismiss, and in response to the Motion to Dismiss, the Plaintiff amended her pleading to add a second count to her complaint. Justice Richard Mulhern granted the motion to dismiss on June 23, 2022. Counsel for the Defendants asks this Honorable Court to take judicial notice of the Order attached hereto and identified as Defendants' Exhibit #1. Justice Mulhern's June 23rd Order only dismissed count 1 of the Plaintiff's Complaint since she

amended her pleadings after the Defendants had filed their Motion to Dismiss. Defendants' counsel then filed a separate Motion to Dismiss against count 2 of the Plaintiff's Complaint, and that Motion was likewise granted on August 25, 2022. The Defendants ask that the Court take judicial notice of Justice Mulhern's second Order granting a dismissal of Plaintiff's Count 2, attached hereto and designated as Defendants' Exhibit #2. The Plaintiff then appealed to the Maine Supreme Court and a Memorandum of Decision was issued by the Court in the Defendants' favor on April 27, 2023.

The Plaintiff's claims are likewise barred due to issue preclusion for the following reasons: Many of the facts alleged by the Plaintiff have already been conclusively decided in the Defendants' favor. Most notably, the parties have been involved in the following litigation matters out of York District Court:

1. FM-17-170: Tegan Teske v. Sarah Teske
2. PA-18-075: Amanda Gunter v. Sarah Teske
3. CR-19-861: State of Maine v. Sarah Teske
4. PA-19-105: Sarah Teske v. Tegan Teske
5. PA-19-140: Tegan Teske v. Sarah Chagnon

All matters were decided by the Court (or via agreement) in favor of the Defendants. The Plaintiff is now trying to relitigate all the factual elements that were already decided in the cases referenced above.

WHEREFORE, the Defendants respectfully request that this honorable Court award the following relief:

A. Dismiss the Plaintiff's Complaint with prejudice and with costs;
B. Award the Defendants their reasonable attorney's fees for filing this Motion to Dismiss; and
C. To award such other and further relief as the Court deems just and proper.

Submitted on behalf of the
Defendants, by:
**Clark & Howell, LLC**

/s/ *Matt W. Howell*

Dated: November 24, 2023

Matthew W. Howell, Bar #4086
Attorney for the Defendants
**Clark & Howell**
16A Woodbridge Rd.
P.O. Box 545
York, ME 03909
(207) 363-5208
mhowell@clarkandhowell.com

CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2023, a copy of the Defendants' Motion to Dismiss, per F.R. Civ. P. 12(b)(6), was forwarded to the following parties via electronic and physical means:

Sarah Chagnon
P.O. Box 44
Stratham, NH 03885

/s/ *Matt W. Howell*

November 24, 2023

Matthew W. Howell, Bar #4086
**Clark & Howell**
16A Woodbridge Rd.
P.O. Box 545
York, ME 03909
(207) 363-5208
mhowell@clarkandhowell.com

**NOTICE**

**ALL MATTERS IN OPPOSITION TO THIS MOTION MUST BE FILED NOT LATER THAN 21 DAYS AFTER THE FILING OF THIS MOTION UNLESS ANOTHER TIME IS PROVIDED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR SET BY THE COURT. FURTHER, FAILURE TO FILE A TIMELY OPPOSITION WILL BE DEEMED A WAIVER OF ALL OBJECTIONS TO THIS MOTION, AND THIS MOTION MAY THEN BE GRANTED WITHOUT FURTHER NOTICE.**