DEFENDANT'S EXHIBIT 1

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-22-045

| | | |
|---|---|---|
| SARAH CHAGNON,<br><br>Plaintiff,<br><br>v.<br><br>TEGAN TESKE and AMANDA GUNTER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER ON DEFENDANTS' MOTION TO DISMISS.** |

## I. Background

In May 2018 Sarah Chagnon (formerly Teske) and Tegan Teske were engaged in a contentious divorce. (Compl. ¶ 6.) Teske was residing in Portsmouth, New Hampshire at the time. (Compl. ¶ 8.) On May 13, 2018, an altercation occurred at the Portsmouth apartment between Chagnon and Amanda Gunter, Teske's former stepsister. (Compl. ¶¶ 12-26.)

On May 13, 2018, Chagnon, Teske, and their two boys went to have brunch. (Am. Compl. ¶ 15.) At some point, Chagnon and Teske got into an argument. (Am. Compl. ¶ 17.) Chagnon left brunch with the couple's two children and went to Teske's apartment while Teske remained behind. (Am. Compl. ¶¶ 18-19.) While in the Portsmouth apartment with her two children, Chagnon ripped up documents and also opened and spread condoms around the apartment. (Am. Compl. ¶ 21.)

Teske arrived at the apartment around 3:30 pm. (Am. Compl. ¶ 24.) Teske called Gunter to help him clean up the apartment (Compl. ¶ 13.) Gunter arrived shortly with her two children, one then ten-months old. (Am. Compl. ¶ 26.) Chagnon complains that Gunter stalked her about the apartment, attacked her, and choked her to near asphyxiation. (Compl.

¶ 14.) Teske recorded the aftermath of the fight on his cell phone. (Am. Compl. ¶ 27.) Portsmouth Police and Fire were called to the scene and documented their investigations and findings. (Compl. ¶¶ 16-18.)

Following the altercation both Chagnon and Gunter filed for protection from abuse orders against one another. (Compl. ¶¶ 21-22, 26, Am. Compl. ¶¶ 42-43.) Gunter claimed in her protection from abuse case that Chagnon lunged at her, ripped her hair out, clawed at her face and eyes, and, at some point, Sarah was on top of the ten-month old and so she had to punch and restrain her. (Am. Compl. ¶ 34.)

Chagnon claims that the statements made by Gunter in her complaint for protection from abuse were false (Compl. ¶ 28.) Per Chagnon's Complaint: "Attorney Howell represented Tegan Teske and Amanda Gunter, Each of [sic] said statements made under oath were false and attorney Howell knew them to be false." (Compl. ¶ 29.) The Complaint further states that Teske, Gunter and Attorney Howell conspired to conduct a story as part of a scheme to show Chagnon to be unfit and dangerous. (Compl. ¶ 34.) Furthermore, the Complaint alleges that Attorney Howell leaked a false narrative to local press as part of a scheme to damage Chagnon's reputation and favorably alter the parental rights of Teske. (Am. Compl. ¶ 48.)

During a consolidated protection from abuse hearing on September 19, 2018, the trial court refused to allow the EMT and Police chief to testify about the altercation. (Compl. ¶ 36.) The trial court did not review police reports, ems reports, or photographs of the ten-month old following the incident during the hearing. (Am. Compl. ¶ 52.) Chagnon claims that the testimony of Teske and Gunter are inconsistent with the Portsmouth Police and EMS records. (Am. Compl. ¶¶ 46-47.) Chagnon was unrepresented at the hearing (Compl. ¶ 37.)

At the conclusion of the hearing the trial court imposed orders for protection from abuse against both Chagnon and Gunter. (Am. Compl. ¶ 50.)

Following the protection from abuse order entered against her, Chagnon's daycare license was revoked. (Am. Compl. ¶ 51.) In November of 2019, Teske was granted custody of the couple's two children. (Am. Compl. ¶ 64.) Chagnon claims to have lost all her property in the divorce including the marital home in Eliot, her business and her savings. (Am. Compl. ¶ 66.) Chagnon claims that Gunter was "put into place" as owner of her childcare center. (Am. Compl. ¶ 67.)

Chagnon complains for damages whereby she claims to have lost her license and ability to make a living, lost her ability to defend herself, lost her home and business, and lost custody of her children. Chagnon also claims to suffer from post-traumatic stress disorder as a result of the incident. (Am. Compl. ¶ 72.)

Plaintiff brought a single-count complaint for civil perjury against Teske and Gunter on March 11, 2022. Defendants filed a verified Motion to Dismiss the Complaint pursuant to M.R. Civ. P. 12(b)(6) on March 29th. Plaintiff then filed an opposition to the Motion to Dismiss and a Motion to Amend the Pleadings on April 19th. The Amended pleading adds various facts, noted above, and a second count for "conspiracy to defraud"[1]. Plaintiff does not note in the amended complaint any legal authority for the conspiracy to defraud claim. The Motion to Dismiss was fully briefed by reply from the Defendants on April 28, 2022. Here, the Court

[1] The Court hereby grants Plaintiff's Motion to Amend the pleadings as M.R. Civ. P. 15(a) allowing for amendment to a complaint upon motion to the court is liberally applied to achieve an expeditious resolution of litigation on the merits and leave to amend will be given freely. *See Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982); *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.*, 1998 ME 53, ¶ 14, 707 A.2d 1311. Defendants have not opposed the motion to amend and do not address it or the amended pleading's Count II in their reply brief to the Motion to Dismiss. The Motion to Dismiss, having been received prior to the Motion to Amend the Pleadings, only pertains to Count I of the Amended Complaint.

exercises its discretion to rule on the Motions without hearing pursuant to M.R. Civ. P. 7(b)(7).

## II. Discussion

### A. Standard of Review

A motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint, which is a question of law. *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673. When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "the court will examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. The complaint "must allege facts with sufficient particularity so that, if true, they give rise to a cause of action; merely reciting the elements of a claim is not enough." *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*, 2021 ME 24, ¶ 2, 250 A.3d 122 (citation omitted).

The material allegations of the complaint are taken as admitted and dismissal should only occur when it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts. *Moody v. State Liquor & Lotter Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quotations omitted). The court is not bound to accept any legal conclusions set forth in the complaint. *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994).

### B. Civil Perjury

Per statute and case law a cause of action for civil perjury has three elements: (1) a judgment obtained against a party; (2) by the perjury of a witness; (3) introduced at the trial by the adverse party. *Kraul v. Maine Bonding & Cas. Co.*, 672 A.2d 1107, 1109 (Me. 1996); 14 M.R.S. § 807 (2021). Per statute, a civil perjury action must satisfy six requirements: 1. The claim must be brought within three years; 2. The claim must identify the specific testimony alleged to be false; 3. "A claim may not be submitted under [the statute] solely on the same record as in the former trial Evidence discoverable by due diligence before the trial cannot be introduced as new evidence to establish perjury;" 4. The Plaintiff must prove perjury by clear and convincing evidence; 5. It is an affirmative defense that the plaintiff has no new evidence to present, and; 6. The pleading and proof requirements are strictly construed. 14 M.R.S. § 807.

The elements of perjury have been analogized to those of fraud and the court requires proof by clear and convincing evidence. *Spickler v. Greenberg*, 644 A.2d 469, 471 (Me. 1994). Similar to claims of fraud, the Law Court has required a heightened pleading standard in civil perjury cases as "necessary to ensure that disgruntled litigants are not able to use civil perjury claims as a means to re-litigate cases when they are displeased with the outcomes." *Bean v. Cummings*, 2008 ME 18, ¶ 13, 939 A.2d 676. Therefore, circumstances constituting civil perjury must be stated in a complaint with greater particularity. *Id.* at ¶ 11; M.R. Civ. P. 9(b).

In furtherance of the goal of preventing re-litigation by disgruntled litigant, "[c]laims of perjury should not be submitted to a new factfinder solely on the same record as in the original trial." *Bean v. Cummings*, 2008 ME 18, ¶ 9, 939 A.2d 676. The statute requires that claims of civil perjury be brought with newly discovered evidence. Even where evidence has

been newly discovered, it will not support a perjury claim where it was discoverable by due diligence before the trial. *See Boisvert v. Charest*, 135 Me. 220, 222-23, 193 A. 841, 842-43 (1937).

Chagnon contends that the Portsmouth Police and EMS reports constitute newly discovered evidence. This is simply incorrect. The Police and EMS reports, along with representatives from Portsmouth Police and Fire Departments were present at the consolidated protection from abuse hearing. The trial judge deemed that subpoenas were not appropriately served on the witnesses and that the reports were inadmissible. Simply because the Court did not consider the evidence at the hearing does not now make it "newly discovered".[2] The Complaint for civil perjury squarely seeks to re-litigate the issues in the protection from abuse hearing because Chagnon is displeased with the outcome.

Chagnon has not pleaded with particularity a claim for civil perjury. The Complaint and its allegations, taken as true for the purposes of a motion to dismiss, does not establish that the claim is based on any newly discovered evidence. All information and supporting evidence in the complaint alleged to support a claim for perjury was, in fact, known to Plaintiff at the time of the hearing. Plaintiff has therefore failed to state a claim for relief and Defendants' Motion to Dismiss Count I for Civil Perjury is granted.

## III. Conclusion and Order

[2] Objections to the court's determination on the admissibility of evidence at trial is best presented as a Rule 60(b)(6) motion or direct appeal. Here, Chagnon did appeal the decision to the Law Court which issued a memorandum of decision dismissing the appeal and finding that the trial court did not abuse its discretion nor err in its rulings. *A.G. v. S.T.*, Mem-19-56 (June 6, 2019).

Accordingly, it is hereby ordered and the entry is: "Plaintiff's Motion to Amend Pleadings is GRANTED and Defendants' Motion to Dismiss is GRANTED." Count I of the Amended Complaint is hereby dismissed. Defendants shall have 30 days from the date of this Order to file a response to Count 2 of Plaintiff's Complaint.

The clerk may enter this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: June 23, 2022

Hon. Richard Mulhern
Justice, Superior Court

ENTERED ON THE DOCKET ON: 06/23/22