UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SARAH CHAGNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00389-LEW |
| | ) |
| TEGAN TESKE, AMANDA GUNTER, | ) |
| and BRENDA DIEDERICH, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

Plaintiff Sarah Chagnon, *pro se*, alleges in this lawsuit that the Defendants subjected her to various forms of tortious conduct, for which she demands a remedy. The matter is currently before the Court on the Defendants' Motion to Dismiss (ECF No. 16). The Motion relies on *res judicata* as a bar to the present action. For reasons that follow, Defendants have not persuaded me on the current record that *res judicata* warrants dismissal of Plaintiff's complaint, but further briefing is ordered to permit a reasoned decision.

**BACKGROUND**

The following background statement is limited to the facts and circumstances that inform Defendants' Motion to Dismiss, which motion is based on the doctrine of *res judicata*. To evaluate the *res judicata* contention, it is not necessary to relate all of the facts and circumstances alleged in Plaintiff's 35-page complaint. Suffice it to say that Plaintiff alleges that Defendants jointly participated in a longstanding campaign of emotional abuse

involving, among other things, physical assaults by Defendants Tegan Teske and Amanda Gunter, and that all three Defendants conspired to subject her to extreme an outrageous emotional abuse. What the record in support of the Motion reveals are the following facts.

Chagnon and Teske are former marital partners. In November of 2019, a Maine district court judge granted Chagnon and Teske a divorce.

In 2018, Sarah Chagnon and Amanda Gunter, Teske's stepsister, were involved in protection from abuse ("PFA") proceedings in Maine state court. Both parties to that proceeding obtained relief in the form of a protection from abuse order.

In 2022, Chagnon filed a civil proceeding in Maine state court in which she alleged "civil perjury" and "conspiracy to defraud" against Gunter and Teske. Mot. Exs. 1 & 2 (ECF Nos. 16-1, 16-2). Evidently—the pleadings are not before the Court—the 2022 civil action was Chagnon's attempt to rectify the record to clear her name. As best as I can tell from the available exhibits, the new state court proceeding was an attempt to collaterally attack the bona fides of the PFA case that Gunter made against Chagnon. A civil perjury claim is statutory in nature, a form of "miscellaneous action" for damages arising by reason of a perjury that produces an unjust judgment:

> When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

14 M.R.S. § 870(1). By dint of this statute, a disappointed litigant with evidence of perjury might obtain not only relief from the underlying judgment, through Maine Rule 60(b), but also a damages remedy. The statutory claim is demanding, requiring new evidence that proves the prior perjury clearly and convincingly. *Id.* § 870(3), (4), (5).

The Superior Court summarily dismissed Chagnon's civil perjury claim for lack of a showing of new evidence. Mot. Ex. 1. It then dismissed Chagnon's conspiracy claim (seemingly a corollary to her perjury theory) when Chagnon failed to oppose a second motion to dismiss that targeted the conspiracy claim. Mot. Ex. 2.

### DISCUSSION

Res judicata is a proper subject of a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) if the facts establishing the defense appear on the face of the complaint, the documents incorporated therein, matters of public record, and other matters susceptible to judicial notice. *Medina-Padilla v. U.S. Aviation Underwriters, Inc.*, 815 F.3d 83, 85 (1st Cir. 2016); *Andrew Robinson Int'l, v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008).

Defendants argue that Plaintiff's current civil action for emotional distress and other torts is precluded by the unfavorable judgment she received on the civil perjury case she filed to challenge the partially unfavorable outcome of the PFA proceedings. Mot. to Dismiss at 2–3. In support of the Motion, Defendants attached as exhibits the Superior Court orders dismissing her claims in that action. Defendants also argue in their Motion that a divorce decree dissolving Plaintiff and Defendant Teske's marriage precludes the current litigation, though they did not articulate why or attach the divorce court's judgment

3

until they filed their Reply, in violation of Local Rule 7(c).[1]  Defendants also reference a list of prior matters, identifying them by docket number, without providing any context or salient information.  Presumably, three of these matters involved PFA proceedings, one is the divorce proceeding, and the fifth and final matter is a criminal complaint brought by the State of Maine against Sarah Chagnon, then Sarah Teske.

Because this case comes within this Court's diversity jurisdiction, the Court applies Maine law to determine the preclusive effect of previous state court judgments.  *Alston v. Town of Brookline*, 997 F.3d 23, 36 (1st Cir. 2021).

"[R]es judicata is a general doctrine that 'prevents the relitigation of matters already decided.'" *Pearson v. Wendell*, 125 A.3d 1149, 1157 (Me. 2015) (quoting *Portland Water Dist. v. Town of Standish*, 940 A.2d 1097, 1099 (Me. 2008)).  There are two kinds of res judicata: claim preclusion and issue preclusion.  *Pearson*, 125 A.3d at 1157.  The preclusive impact of a prior judgment is a question of law.  *Wells Fargo Bank, Nat'l Ass'n v. Bump*, 244 A.3d 232, 236 (Me. 2021).

**A.   Claim Preclusion**

"Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been[,] litigated in the first action." *Finch v. U.S. Bank, N.A.*, 307 A.3d 1049, 1058 (Me. 2024).  "To determine whether the matters presented for decision in the instant action were or might

---

[1] Defendants also listlessly raise a statute of limitation argument for the first time in their Reply.  That argument is deemed waived for present purposes.

4

have been litigated in the prior action, [state courts] examine whether the same cause of action was before the court in the prior case." *Wilmington Tr. Co. v. Sullivan-Thorne*, 81 A.3d 371 (Me. 2013) (alteration and quotation marks omitted).  A cause of action is evaluated "through a transactional test, which examines the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Id.* (alteration, citation, and quotation marks omitted).

To the extent Defendants rely on the divorce judgment, the essentially unbriefed and untimely request for claim preclusion is denied on the authority of *Henriksen v. Cameron*, 622 A.2d 1135, 1141 (Me. 1993).[2]

---

[2] In *Henriksen*, the Maine Supreme Judicial Court held that divorce judgments do not have preclusive effect against later-filed tort claims that arise out of the marital relationship:

> Maine's substantive divorce law is hostile to a divorce court's consideration of, not to mention determination of tortious conduct.  In divorce actions, the court's inquiry is limited to the determination of a valid basis for divorce.  Maine courts are prohibited from considering fault in dividing marital property, . . . or in awarding alimony . . . .  Requiring a party to raise tort claims in a divorce action would inject a detailed examination of fault into the litigation; a result the legislature clearly did not intend.  In fact, such a requirement would undermine the policy premises of no-fault divorce.
>
> The special procedure involved in divorce actions, which are traditionally equitable in nature, also makes joining tort claims impracticable.  The most problematic procedural difference between tort and divorce actions is the right to a jury trial in tort actions that would require bifurcation of at least part of the trial.
>
> . . . .
>
> The *res judicata* question before us today has been considered in a number of other jurisdictions.  The majority of courts agree that tort claims are not barred subsequent to a divorce judgment because of *res judicata.*

622 A.2d at 1141 (citations and footnote omitted).  *See also id.* n.8.

To the extent Defendants rely on the PFA proceedings, these judgments presumably meet the first two elements of the claim preclusion test (same parties and valid judgments), but not the third.  A protection from abuse case does not present the same kind of cause of action that is presented by Plaintiff's current complaint for relief based on Maine tort law. *Richards v. Bruce*, 691 A.2d 1223, 1226 (Me. 1997); *Gurski v. Culpovich*, 540 A.2d 764, 766 (Me. 1988).

To the extent Defendants rely on a prior criminal proceeding against Plaintiff, the relevance of that proceeding is a mystery.  I deem the matter waived based on Defendants failure to even hint at its possible relevance.

That leaves Plaintiff's unsuccessful effort to obtain post-PFA relief based on the Maine civil perjury statute and a civil conspiracy claim.  The request for claim preclusion based on that litigation effort—the primary thrust of Defendants' motion—is reserved pending further briefing and evidence, as outlined in the conclusion of this order.

**B.     Issue Preclusion**

Issue preclusion is a doctrine that "prevents the relitigation in a later proceeding of factual issues already decided in an earlier proceeding and applies even when the two proceedings offer different types of remedies." *Pacheco v. Libby O'Brien Kingsley & Champion, LLC*, 288 A.3d 398, 400 (Me. 2022) (cleaned up).  For issue preclusion to apply, the factual issue(s) determined in the previous proceeding must have been "essential to the judgment" issued in that proceeding. *Id.*  "The distinction between findings that are essential to a judgment and those that are not 'stems from the recognition that the tribunal that decided the first case may not have taken sufficient care in determining an issue that

did not affect the result, even though the parties vigorously litigated the issue.'" *Id.* at 401 (quoting *Beale v. Chisholm*, 626 A.2d 345, 347 (Me. 1993)).

Defendants assert in their Motion that Plaintiff's "claims are likewise barred due to issue preclusion" because "[m]any of the facts alleged . . . [were] conclusively decided in Defendants' favor." Mot. at 3. Defendants then list five prior cases without providing the court with any further context, argument or exhibits.[3] The only context provided, and therefore the only matters I address herein, are the divorce judgment and the orders dismissing Plaintiff's civil perjury action. As for the other proceedings, because Defendants have pressed their issue preclusion argument in a "perfunctory manner," unaccompanied by "developed argumentation," their request for dismissal of the entire action based on issue preclusion will be denied. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

Concerning the divorce judgment, Defendants rely on the judicial finding expressed therein that Plaintiff "has purposefully made numerous false allegations of abuse against" Teske. Reply Ex. 1 at 2 (ECF No. 24-1). Like the broader claim for claim preclusion, the argument for tort-related issue preclusion based on a divorce judgment is inconsistent with Maine law. *See Henriksen*, 622 A.2d at 1141–42; *see also* footnote 2, *supra*.

Concerning the PFA proceedings, Defendants fail to divulge what factual findings essential to those proceedings would preclude a judgment in Plaintiff's favor. Indeed, Defendants do not even identify the elements of any of Plaintiff's claims in this action.

---

[3] Defendants attach Chagnon and Teske's divorce judgment as an exhibit to their Reply.

Concerning the civil perjury proceeding Plaintiff brought in 2022, I am unable to discern what essential finding the state court made other than that the evidence on which Plaintiff relied was not new and therefore could not support the civil perjury claim. It is not obvious to me how that finding would conclusively resolve any of the factual matters on which Plaintiff's current claims depend.

Accordingly, Defendants' request for issue preclusion will be denied.

## CONCLUSION

Defendant's Motion to Dismiss is DENIED IN PART. Specifically, Defendants' request for claim preclusion is denied insofar as the divorce judgment and PFA judgments are concerned and denied for inadequate briefing insofar as any prior criminal proceeding is concerned; and Defendants' request for issue preclusion is denied.

What remains is the claim preclusive impact of the 2022 civil proceeding against Defendants Teske and Gunter. That question is RESERVED. Defendants will supplement the record by filing the complaint and any other salient pleadings or docket entries in that matter and will fully articulate their argument for claim preclusion in a supplemental brief no later than April 19, 2024. The deadlines for Plaintiff to object to the supplemental brief and for Defendants to reply to Plaintiff's objection will be established by Local Rule 7(b) and 7(c).

**SO ORDERED.**

Dated this 1st day of April, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge