UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| SARAH M CHAGNON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00389-LEW |
| | ) | |
| TEGAN S TESKE and | ) | |
| AMANDA N GUNTER, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON DEFENDANTS' MOTION IN LIMINE

Plaintiff Sarah Chagnon has brought this action against Defendants Tegan Teske and Amanda Gunter, her former husband and sister-in-law, for invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and negligent infliction of emotional distress during Plaintiff's marriage and separation from Defendant Teske. The matter is before the Court on Defendants' Motion in Limine (ECF No. 87) to preclude two expert witnesses from testifying on behalf of Plaintiff Sarah Chagnon at trial.

## BACKGROUND

According to Defendants' Motion and a document entitled Designation of Experts (ECF No. 93-1), Plaintiff intends to call two witnesses—Kathy Jones and Dr. Sandra K. Vallery, Ph.D.—to offer expert opinion testimony.

Dr. Vallery is a licensed psychologist. In connection with this witness, Plaintiff disclosed a mental-health evaluation dated April 23, 2020, which Dr. Vallery prepared for the New Hampshire Department of Health and Human Services Disability Determination

Unit in connection with Plaintiff's application for Aid to the Permanently and Totally Disabled (APTD).  *See* Def. Ex. B ("Vallery Report"), pp. 1, 7, (ECF No. 88-2).  The report indicates that Dr. Vallery conducted an evaluation of Plaintiff during a 50-minute phone call.  *Id*.  According to Plaintiff: "The evaluation reflects clinical observations, mental-status findings, medical and trauma history, medications, evidence reviewed, validity of findings, functional limitations, DSM diagnoses, prognosis, recommendations, and an attestation that the report was based on a personal examination of Plaintiff."  Resp. at 2.

Kathy Jones is a domestic-violence advocate with Mother Justice Network (MJN). In connection with this witness, Plaintiff disclosed a report that Ms. Jones prepared to "screen" Plaintiff's request for services from MJN—that is, "to ascertain her and her children's appropriateness as alleged targets of ongoing coercive control and other forms of Domestic Violence, to determine if they qualify for MJN services."  Def. Ex. A ("Jones Report"), p. 1 (ECF No. 88-1).  This report bears a "submission" date of October 21, 2023—five days after Plaintiff filed her Complaint in this case.  *Id*., p. 13.  Ms. Jones reports that she has over 55,000 hours of experience with "direct service advocacy in the field of Domestic Violence," serving over 4,500 families, and has received more than 1,200 hours of training.  She claims to be "uniquely qualified" by this experience "to screen for and recognize interpersonal violence in all its forms." *Id*., p. 1.  Ms. Jones' report applies various "assessment tools"—including (according to Plaintiff), "the Lethality Assessment Protocol, the MOSAIC Threat Assessment, ACE-related materials, coercive-control materials, and other domestic-violence tools," Resp. at 1—to information about Plaintiff, Defendant Teske, and their relationship gleaned from court filings, the parties'

communications, and conversations with Plaintiff. *See* Jones Rep., p. 3. The ultimate conclusion of Ms. Jones' report is that "it is accurate to classify [Plaintiff] and her children as targets of family violence by [Defendant Teske]." *Id*., p. 13. She recommends that MJN "make all reasonable effort" to extend services and support to Plaintiff, including in her child custody battle. *Id*.

## DISCUSSION

Defendants' Motion contends that these witnesses should be excluded because their reports do not comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure. Separately, Defendants also argue that the testimony of these witnesses is not admissible under Rule 702 of the Federal Rules of Evidence, as interpreted by *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993), and its progeny. All else failing, Defendants seek the exclusion of these witnesses under Rule 403 of the Federal Rules of Evidence.

Rule 26 requires each party to "disclose to the other parties the identity and testimony of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). It also requires that this disclosure "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). That report "must contain" certain information, including:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;

3

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  If the witness is not "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Fed. R. Civ. P. 26(a)(2)(B), then the witness is not required to provide a written report, but the proponent must nonetheless disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify," Fed. R. Civ. P. 26(a)(2)(C).  Finally, if a party "fails to provide information or identify a witness as required under Rule 26(a)[,]" that party "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Although sanctions for failing to meet disclosure obligations may vary, the 'baseline rule . . . in the ordinary case is mandatory preclusion.'"  *Friedman v. Cent. Me. Power Co.*, 174 F.4th 233, 243 (1st Cir. 2026) (citation omitted).

Defendants observe that Plaintiff disclosed reports in connection with both witnesses but argue that these reports are deficient under Rule 26 and contend that these deficiencies require the witnesses' exclusion from trial.  Plaintiff responds that Dr. Vallery

and Ms. Jones are not retained experts subject to Rule 26(a)(2)(B)'s written report requirements, because to the extent they will offer opinions relevant to this case, those opinions were formed by evaluating and providing services to Plaintiff in the ordinary course of their job responsibilities, and not for litigation. *See Downey v. Bob's Discount Furniture Holdings, Inc.,* 633 F.3d 1, 7 (1st Cir. 2011) ("[A]s long as an expert was not retained or specially employed in connection with the litigation, and his opinion . . . is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)."). Plaintiff also points out that Defendants have had these experts' reports for months. Plaintiff chides Defendants for not working in good faith to timely correct perceived deficiencies in the disclosures, and seeking instead to avoid this District's local rules for resolving discovery disputes and obtain a discovery sanction under the guise of a pre-trial motion in limine.

Even if these witnesses were not required to generate a report that complies with the requirements set out in Rule 26(a)(2)(B), Plaintiff would nonetheless be required to disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). It seems that the only disclosures related to these witnesses are the correspondence attached to Defendants' Reply, *see* Def. Ex. C (ECF No. 93-1), and the two reports disclosed under the cover of that correspondence. Defendants have not argued the point, but I have some doubt that the mere identification of the witnesses and disclosure of these reports satisfies even the more relaxed requirements of subsection (C). *See, e.g., Kurylo v. Rizzo,* No. 2:15-cv-00015,

5

2017 WL 1047251, at *5 (D. Me. Mar. 17, 2017) ("For purposes of subsection (C), characterizing treating providers as experts and stating that they will testify consistent with their medical records does not suffice."); *Carrico v. Lewis Tree Serv., Inc.*, No. 2:15-cv-25-FL, 2016 WL 6459599, at *3 (E.D.N.C. Oct. 31, 2016) ("[O]ne may not discharge the duty to provide 'a *summary* of facts and opinions' [pursuant to Rule 26(a)(2)(C)] simply by referring an opponent to the raw data that would have formed the basis for a summary report had one been prepared.") (citations omitted).  Indeed, Plaintiff appears to concede in her response that they do not.  *See* Resp. at 4 ("[Defendants] could have requested a CV, compensation statement, prior-case list, Rule 26(a)(2)(C) summary, or deposition.  They did not. . . .  Plaintiff is willing to provide, within [7] days, supplemental Rule 26(a)(2)(C) summaries for both witnesses[.]").

Regardless of whether Plaintiff's experts fall under subsection (B) or (C), it seems that Plaintiff's disclosures fall short of what Rule 26(a)(2) requires.  As a result, exclusion of these witnesses is required, unless Plaintiff establishes that "the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  Plaintiff points to Defendants' delay in raising the issue to argue that any deficiencies in the disclosures were harmless.  Plaintiff may very well be correct that Defendants could have raised this issue earlier and through different procedural mechanisms than the one Defendants chose.  That does not absolve Plaintiff of her responsibility for ensuring that her expert disclosures adhered to the requirements of Rule 26 in the first instance.  Responsibility for ensuring that mandatory disclosures are complete, correct, and on time lies with the disclosing party, not the opponent.

While "[p]reclusion . . . 'is not a strictly mechanical exercise,'" *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77-78 (1st Cir. 2009) (citation omitted), it is nonetheless the "baseline rule . . . in the ordinary case," *Friedman,* 174 F.4th at 243.   I see no compelling reason to depart from that "baseline rule" here.  *Id*.  I agree with Plaintiff that the length of time that Defendants had with these materials before making an issue of their deficiencies could weigh against exclusion, but this is the only consideration that does. Plaintiff has no justification for the deficiencies in her disclosures, besides counsel's inattention to the requirements of Rule 26.[1]  With trial only six weeks away, I am disinclined to take Plaintiff up on her offer of additional "curative" disclosures and depositions.  And perhaps most importantly, with respect to Ms. Jones, I harbor serious doubt that Plaintiff has great need of this witness, because her anticipated testimony is likely improper under Rule 702 of the Federal Rules of Evidence anyway.[2]

Rule 702 allows a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to testify "in the form of an opinion."  Fed. R. Evid. 702.  As a prerequisite to such testimony, however, the proponent must demonstrate that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

[1] The justification that Plaintiff does offer—reasonably believing that these experts were non-retained and not subject to the reporting requirements of subsection (B)—would be more persuasive if Plaintiff's disclosure was not also deficient under subsection (C).

[2] The deadline for *Daubert* motions has long passed.  *See* Order (ECF No. 39) ("Dispositive motions and Daubert/Kumho motions due February 15, 2025").  "[P]arties have an obligation to object to an expert's testimony in a timely fashion, so that the expert's proposed testimony can be evaluated with care." *Ratcliffe v. BRP U.S., Inc.*, No. 1:20-cv-00234-JAW, 2024 WL 4665597, at *6 (D. Me. Nov. 4, 2024) (quoting *Feliciano-Hill v. Principi*, 439 F.3d 18, 24 (1st Cir. 2006)).  But the issue is briefed, and Plaintiff makes no mention of the lapsed deadline, so I consider the parties' arguments on the subject here.

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). This rule establishes a "gatekeeping role for the judge," who is charged with determining that "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

Plaintiff suggests that Ms. Jones will testify "about domestic-violence dynamics, coercive control, trauma responses, safety planning, lethality and risk-assessment concepts, and why survivors' behavior may appear counterintuitive to laypersons." Resp. at 5. It is not apparent to me, however, what claim-related issue of fact Ms. Jones' specialized knowledge would help resolve. The various labels that Ms. Jones ascribes to Defendant Teske's alleged behavior have no relationship to any task before the trier of fact in its determination on the elements of any of the claims in the Complaint. And the jury should be able to appreciate that the alleged conduct qualifies as domestic violence should it find Plaintiff's testimony persuasive; the jury does not need to qualify or quantify the ways in which alleged abuse track Ms. Jones' domestic violence rubric. The First Circuit has recognized that "the behavioral reactions of abuse victims" can be "somewhat technical, and beyond the realm of acquired knowledge normally possessed by lay jurors." *United States v. Alzanki*, 54 F.3d 994, 1006 (1st Cir. 1995); *see also United States v. Middleton*, 176 F. 4th 90, 99-100 (1st Cir. 2026). But here, Plaintiff offers only a vague and general explanation of how expertise on that subject bears on the specific allegations and defenses

at issue in this particular case, besides, perhaps, the general question of Plaintiff's credibility as a witness. Plaintiff's disclosures and briefing leave the Court to guess which of the many opinions Ms. Jones relates in her report Plaintiff intends to use at trial, and how. Finally, Plaintiff has made no showing on the reliability of the principles and methods at work or the reliability of the application of those principles and methods to the facts of this case. Fed. R. Evid. 702(c)-(d). Given this presentation, Ms. Jones' expert designation is clearly deficient even as of this date, and the default sanction of exclusion is therefore appropriate.

Similarly, with respect to Dr. Vallery, Plaintiff has not offered any explanation of how her application for disability benefits and related diagnoses bear upon the claims or defenses at issue in this case. I agree with Plaintiff that Dr. Vallery's formulation of her diagnostic opinions without first hearing from Defendant Teske is not a reason by itself to preclude her testimony. Nor does it appear to me that Plaintiff intends to offer Dr. Vallery to opine as an expert on the question of whether "Defendant [Teske] is an abuser," as Defendants claim. Mot. at 7. But because Plaintiff's briefing does not articulate the relevance of the opinions reflected in Dr. Vallery's evaluation to the claims and defenses, or even as to damages, I cannot assess Plaintiff's need for this witness's testimony, *see Esposito*, 590 F.3d at 78, or how it will assist the trier of fact, *see* Fed. R. Evid. 702(a).

While the preceding discussion is sufficient to preclude the testimony, it should not go unsaid that, based on Plaintiff's disclosure, which simply expresses the intention to call the witnesses who authored the respective reports, and her current briefing, which offers little-to-no clarification as to what we might expect to hear from these witnesses concerning

case-specific issues, it is not even apparent that the witnesses are expected or actually intend to testify on behalf of Plaintiff at the trial.

## CONCLUSION

For these reasons, Defendants' Motion (ECF No. 87) is GRANTED.

SO ORDERED.

Dated this 13th day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge