UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SARAH M. CHAGNON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00389-LEW |
| | ) | |
| TEGAN S. TESKE and | ) | |
| AMANDA N. GUNTER, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

In anticipation of the jury trial, Defendants have requested that the Court take judicial notice of a divorce judgment, an amended divorce judgment, and child custody orders of the Maine District Court (York County); a protection from abuse (PFA) hearing transcript and related PFA orders, also of the Maine District Court; and orders issued by the Maine Superior Court and the Maine Supreme Judicial Court in related proceedings. Defs. Req. for Judicial Notice (ECF No. 103). Defendants' Request is not particularized as to the facts that would be noticed. In response, "Plaintiff does not dispute that the Court may recognize the existence, entry dates, and operative legal effect of authentic judgments and orders when those neutral procedural facts are relevant [but] objects to any broader notice and to any publication of the records to the jury without a separate, exhibit specific evidentiary ruling." Pl. Obj. at 2 (ECF No. 118).

Rule 201 provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned." Fed. R. Evid. 201(b). While the Court "must take judicial notice if a party requests it," Fed. R. Evid. 201(c)(2), "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed," Fed. R. Evid. 201(e).

"It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).   The mere fact of another court proceeding may be judicially noticeable. *Id*.   So, too, may be the fact of what transpired or what was said on the record in that proceeding. *See Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.*, 322 F.R.D. 151, 154-55 (D. Mass. 2017); *Berkshire-Cranwell Ltd. P'ship v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 874 F. Supp. 2d 41, 49-50 (D. Mass. 2012).   However, to obtain notice of something more than the procedural facts and outcome of prior court proceedings, a movant must make a showing that particular "adjudicable facts" meet the standard of Rule 201. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005); *see also Newman v. San Joaquin Delta Cmty. College Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) (party requesting judicial notice bears the burden of showing "the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned" (internal quotation marks and citation omitted)).   In the absence of a persuasive showing, adjudicative facts should be determined by the jury based on the introduction of evidence at trial, chiefly consisting of the testimony of witnesses. Fed. R.

2

Evid. advisory committee note (1972).  Only if adjudicative facts are beyond reasonable controversy should the introduction of evidence be dispensed with. *Id.*

Plaintiff's Objection to the Defendants' Request for Judicial Notice is well taken. Defendant's Request (ECF No. 103) is GRANTED IN LIMITED PART and DENIED IN PART.  The Court's notice of the attached exhibits will be limited in accordance with Plaintiff's Objection.  Specifically, the Court takes judicial notice of the existence, entry dates, and operative legal effect of authentic judgments and orders and will provide the jury with an instruction to accept the noticed facts pursuant to Rule 201(f) of the Federal Rules of Evidence if the parties cannot stipulate to the same.[1]  Defendants' Request is otherwise denied for lack of development.[2] *See Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 323 n.11 (1st Cir. 2017) (arguments developed for the first time in a reply brief are waived).  The limited grant of Defendants' Request is subject to a restriction that the content of the noticed judgments, orders, and transcript cannot be used in opening

---

[1] This is consistent with long-established law that the U.S. District Court, "in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ... not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

[2] Defendants contend for the first time in their reply brief that they seek (1) judicial notice of "the existence, entry, and stated legal effect" of certain court records, (2) "claim-preclusive effect . . . for any claim or issue in this action that was litigated and merged into the 2025 divorce judgments entered after this Court's 2024 ruling on the motion to dismiss," and (3) "issue-preclusive effect . . . for the factual findings that were litigated, decided, and affirmed on appeal in the 2018 PFA proceeding."  Def. Reply at 1, 6.  I am deeply skeptical of Defendants' reassurance that they do not seek reconsideration of my decisions on their previous unsuccessful attempts to invoke claim and issue preclusion with this latest, last-ditch effort.  To the contrary, Defendants offer no reason to conclude that the reasoning behind my decisions rejecting their earlier invocations of claim and issue preclusion would not apply with equal force here. *See* Order on Mot. to Dismiss at 5-8 (ECF No. 25); Order on Mot. for Summary J. at 2-3 (ECF No. 52).  I see none.

statements beyond the simple procedural facts thus far noticed concerning the prior proceedings and dispositions. The parties are encouraged to sort out this matter through stipulations.

**SO ORDERED.**

Dated this 11th day of August, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge