UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHAGNON,
Plaintiff,

Case: 2:23-cv-00389-LEW

PLAINTIFF'S 2nd MOTION FOR EXTENSION OF TIME TO SECURE NEW COUNSEL & MOTION FOR RELIEF FROM THE COERCED VERBAL JUDGEMENT PURSUANT TO FED. R. CIV.. P. 60, MOTION FOR NEW TRIAL UNDER FED. R. CIV.. P. 59, MOTION FOR ATTORNEY FEES/EXCESS FEES PURSUANT TO FED. R. CIV. P. 54(D) & 28 U.S.C. § 1927

Amended

TESKE & GUNTER.,
Defendants.

NOW COMES, the Plaintiff SARAH CHAGNON, in Pro Se, and state the following for the Court record which I attest to:

1. On August 24th, 2026, I fired Attorney Keith Matthews on the grounds that he sexually assaulted me on August 3, 2026 using coercion and power in his role in this case to so, and failed to prepare my witnesses before trial, and failed to represent me as a client, in fact abusing me, constituting gross attorney misconduct and negligence.
2. Attorney Matthew's brazengly damaged my legal case and justice for domestic and sexual violence I have been seeking for years and the truth about being beaten and strangled in from of my sons on mothers day for his own financial gain and sexual exploitation. At the start of this sexual encounter, Attorney Matthew was aware of these facts, and knowingly put his hand on my throat which was terrifying.

i. Serious error, gross negligence, and misconduct resulted in the Plaintiff being unfairly unrepresented before the jury and negatively impacted the Court's view of the Plaintiff by Attorney Matthews, a bad actor.

ii. In this case the jury had not reached a verdict and the jury was pre-dismissed prior to reaching an agreement in writing. Attorney Matthew's non-consented verbal agreement does not constitute grounds for either dismissal or a verdict in this case and does not render my case "resolved".

iii. I object to the verbal agreement made by Attorney Matthews on my "behalf."

iv. In fact no final Order has been issued therefore must result in a mis-trial.

(b) Order a new trial pursuant to Fed. R. P. Civ 59 to ensure the Plaintiff has her day of justice.

a. Attorney Matthews behavior and misconduct did not give the Plaintiff Sarah Chagnon a fair trial before the Court of law.

b. Newly discovered evidence of the depths of Attorney ~~Howell's~~ Matthews deceit, sexual advances and fraud upon the Court are grounds for a new trial. Affidavits from this honorable Court, from friends and family as well as the police reports which unequivocally provide proof of how far he went for his own gains and not on behalf of his client who just wanted to see her sons again.

SM

(c) Sanction, remove Attorney ~~Howell's~~ Mathews bar license in NH, ME and the U.S. district Court and hold Attorney Matthews to the full extent of the law.

(d) Provide Relief pursuant to Fed. R. P. Civ 54(d) & 28 U.S.C. § 1927

a. Order Attorney Matthews pay all counsel fees for Plaintiff Sarah Chagnon, who is now without counsel due to the Attorney Matthews, ineffective assistance of counsel, improper conduct, and offensive behavior.

b. Order Attorney Matthews reimburse Plaintiff Chagnon with any monies paid for his services which were not rendered in the amount of 10,000.

c. Order relief in the form of all addition costs associated with Chagnon's travel and parking

d. Order relief in the form of payment for therapy by the PlaintiffS

e. Order excess costs by proof of bad faith on the behalf of Attorney Matthews for the sum of 10,000,000, the amount asked of the jury he dismissed.

f. ANY other damages relief the Court deems appropriate for Attorney Matthews unethical and unprofessional behavior and further impacts on a survivor of domestic violence, and NOW by my own Attorney.

Respectfully submitted,

________________________

Sarah Chagnon

Sworn to before me this 26th day of August, 2026

________________________

Notary:

LINDSAY L BEDARD
Notary Public - New Hampshire
My Commission Expires May 6, 2031